UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                      CRIMINAL ACTION

VERSUS                                                                     NO. 14-23

STEVEN HAYNES                                                      SECTION "A" (1)

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 523)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Steven Haynes. The Government opposes the motion. (Rec. Doc. 528). For the following reasons, the motion is denied.

**I.     BACKGROUND**

On March 17, 2015, Haynes pled guilty to Count 1 of his Indictment which consisted of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). (Rec. Doc. 404, Haynes's Judgment). More specifically, Haynes was involved in a large-scale cocaine distribution network and was responsible for distributing at least five kilograms of cocaine hydrochloride and at least 28.35 grams of cocaine base. (Rec. Doc. 374, p. 29-30, Haynes' PSR). As a result, the Court sentenced him to a term of 150 months of imprisonment. (Rec. Doc. 404, p. 2, Haynes Judgment). He is currently housed at FCI Oakdale I and has a projected release date of August 14, 2024. (Rec. Doc. 528, p. 2, Government's Opposition).

On July 14, 2020, Haynes filed a Motion for Compassionate Release. (Rec. Doc. 523). He claims that he is entitled to relief because he suffers from high blood pressure, kidney stones, arthritis, Hepatitis B, and that he is borderline diabetic. (Rec Doc. 523, p. 2, Haynes' Memorandum in Support). He also states that two of his former cellmates tested positive for COVID-19, and he notes that Oakdale's Warden denied his request for compassionate

release on June 23, 2020. *Id*. at 3. Accordingly, the Court will now address the merits of Haynes' motion.

## II.   DISCUSSION

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[1]

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—

---

[1] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, the Court finds that Haynes has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. Although Haynes claims that he suffers from kidney stones, arthritis, hypertension, Hepatitis B, and that he is a borderline diabetic, courts have found that these conditions do not necessarily constitute extraordinary and compelling reasons for release. *United States v. Murray*, No. CR 19-041, 2020 WL 4000858, at *5 (E.D. La. July 15, 2020) (Fallon, J.) (arthritis); *United States v. Chambers*, No. CR 18-47, 2020 WL 4260445, at *1 (E.D. La. July 24, 2020) (Africk, J.) (hypertension); *United States v. Vazquez-Ahumada*, No. 5:18-CR-00005, 2020 WL 4249401, at *1 (W.D. Va. July 22, 2020) (kidney stones); *Wilson v. United States*, No. 2:11-CR-180 (5), 2020 WL 3315995, at *3 (E.D.

Va. June 18, 2020) (Hepatitis B); *United States v. Pendleton*, No. CR 16-41, 2020 WL 3791891, at *3 (E.D. La. July 7, 2020) (Milazzo, J.) (borderline diabetic).

As detailed by his medical records, Haynes' conditions are not life-threatening and do not appear to substantially diminish his ability to provide self-care while incarcerated. (Rec. Doc. 527, p. 6-51, Haynes' Medical Records; *see United States v. Mazur*, No. CR 18-68, 2020 WL 2113613, at *4 (E.D. La. May 4, 2020) (denying compassionate release where defendant did not assert that the BOP was unable to provide adequate medical care). Further, although the Center for Disease Control and Prevention has indicated that individuals with high blood pressure "might be at increased risk" to contracting and developing a serious illness from COVID-19, there is no evidence that Haynes' high blood pressure is severe or that the medical staff in his facility is ill-equipped to treat his relatively common ailments.[2]

Moreover, Haynes' generalized concerns regarding COVID-19 do not warrant a reduction of his sentence. The BOP is undertaking measures to curb the spread of COVID-19 and to limit inmates' risk of contracting it.[3] Although Haynes claims that Oakdale is poorly managed and that he has been housed with inmates who have tested positive for the virus, (Rec. Doc. 523, p. 3, Haynes' Memorandum in Support), numerous courts have concluded that these types of allegations do not warrant a sentence reduction under § 3582. *See Clark*, 2020 WL 1557397, at *4 ("Defendant cites no authority for the proposition that the fear of

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] As the government advised, BOP has implemented revised preventative measures for all institutions, including quarantine and isolation procedures, to require that all newly-admitted inmates be assessed using a screening tool and temperature check. (Rec. Doc. No. 528, p. 3-7, Government's Opposition); *see* BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited August 4, 2020). Asymptomatic inmates are placed in quarantine for a minimum of 14 days or until cleared by medical staff, and symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation. *Id.*

contracting a communicable disease warrants a sentence modification."); *United States v. Zywotko*, No. 19-113, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.") (quoting *United States v. Eberhart*, No. 13-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)); *United States v. Gileno*, No. 19-161, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) ("With regard to the COVID-19 pandemic, Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno."); *United States v. Emmons*, No. 16-98, 2020 WL 3086606, at *2 (S.D. Miss. June 10, 2020) ("Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).").

While the Court is aware of the risks of COVID-19 in correctional facilities, Haynes has not demonstrated that the procedures implemented by the BOP to curtail the spread of the virus are inadequate. The existence of COVID-19 at FCI Oakdale I alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 523)** filed by the Defendant Steven Haynes is **DENIED**.

August 11, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE